Michael D. MILLER, Plaintiff–
Appellant,

v.

STATE OF CALIFORNIA, Governor's
Office—Criminal Justice Planning,
Defendant–Appellee.

No. 05–15331.

United States Court of Appeals,
. Ninth Circuit.

Submitted Nov. 15, 2006.

Filed Dec. 1, 2006.

Randy M. Andrus, Esq., Andrus and
Associates, Folsom, CA, for Plaintiff–Ap-
pellant.

Stephen J. Egan, Esq., Tracy, Suzanne
& Hendrickson, Sacramento, CA, for De-
fendant–Appellee.

Before: KLEINFELD and THOMAS,
Circuit Judges, and LEIGHTON *,
District Judge.

### MEMORANDUM **

This is a Title VII retaliation case. Mi-
chael Miller appeals the district court's
grant of summary judgment in favor of his
former employer. We review a district
court's decision to grant summary judg-
ment de novo. *Ray v. Henderson,* 217
F.3d 1234, 1239 (9th Cir.2000).

Summary judgment is appropriate if
"the pleadings, depositions, answers to in-
terrogatories, and admissions on file, to-
gether with the affidavits, if any" demon-
strate "there is no genuine issue as to any
material fact and ... the moving party is
entitled to a judgment as a matter of law."
Fed.R.Civ.P. 56(c). The substantive law
defines which facts are material.
*Anderson v. Liberty Lobby, Inc.,* 477 U.S.

---

\* The Honorable Ronald B. Leighton, United
States District Judge for the Western District
of Washington, sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To prevail on summary judgment, the moving party carries the initial burden to show that no genuine issues of material fact exist. *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir.2005) (citing *Celotex, Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "Once the moving party has carried that burden, it then shifts to the non-moving party, who must present evidence that there is indeed a genuine issue for trial." *Id.*

In order to establish a prima facie case of retaliation, Miller must show that (1) he engaged in protected activity, (2) OCJP subjected him to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994). To establish a causal link, Miller must show that the decision-makers at OCJP were aware of his testimony on behalf of his co-workers, Baul and Toran, in their discrimination complaints. *See Allen v. Iranon*, 283 F.3d 1070, 1076 (9th Cir.2002) (finding in a First Amendment retaliation case that "[i]n order to retaliate against an employee for his speech, an employer must be aware of that speech.").

Miller fails to establish a causal link between his testimony on behalf of his co-workers and his discharge and/or the delay in implementing the arbitrator's award. Miller does not offer any evidence to contradict the sworn statements of Sawyer, Strumpfer, Wang or Levy that they were not aware of or influenced by Miller's testimony on behalf of Baul or Toran. Miller's mere speculation that Sawyer, Strumpfer, Wang and Levy had to know of his testimony and retaliated against him

because of it, does not create a disputed issue of material fact sufficient to defeat summary judgment. Miller's proposed amended complaint adds nothing to this analysis.

**AFFIRMED.**